UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

UNION PACIFIC RAILROAD CO.             CIVIL ACTION NO. 20-cv-0416

VERSUS                                 JUDGE DONALD E. WALTER

FAIRWAY TRANSPORT, LLC, ET AL          MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Union Pacific Railroad Co. ("Union Pacific") filed this civil action for damages after a tanker truck owned by Fairway Transport, LLC ("Fairway") collided with a Union Pacific train, causing the train to derail.  Union Pacific filed the case in federal court on the basis of diversity jurisdiction, which puts the burden on it to set forth specific facts that show complete diversity of citizenship of the parties and an amount in controversy over $75,000. The allegations in the complaint are sufficient except with regard to the citizenship of Fairway.

The complaint states that Fairway is "a foreign company organized and existing under the laws of Louisiana, with its principal place of business in Lafayette, Louisiana." The citizenship of an LLC is determined by the citizenship of all of its members, with its state of organization or principal place of business being irrelevant.  Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008).  "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation."  Settlement Funding, L.L.C. v. Rapid Settlements,

Ltd., 851 F.3d 530, 536 (5th Cir. 2017).  If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be.  Mullins v. TestAmerica Inc., 564 F.3d 386, 397-98 (5th Cir. 2009); Rodidaco, Inc. v. Chesapeake Energy Louisiana Corp. 2018 WL 3551525 (W.D. La. 2018).

The complaint alleges that Fairway's "manager/officer is Christopher D. Schouest, who is a resident and domiciled in Louisiana, thus a citizen of Louisiana for purposes of diversity."  It is unclear whether Union Pacific intended to allege that Mr. Schouest is the sole member of Fairway.

To establish that diversity jurisdiction exists, Union Pacific (a citizen of Delaware and Nebraska) must file an amended complaint that specifically alleges the member(s) of Fairway and the citizenship of each member in accordance with the rules outlined above. Because Union Pacific may not have access to this information at this stage of the proceedings, the court will not set a deadline for Union Pacific to file an amended complaint.  Counsel for Fairway is encouraged to promptly provide this information to counsel for Union Pacific.  Alternatively, Fairway may include this information in its answer.

The court will not allow discovery or issue a scheduling order until it is confirmed that there is complete diversity of citizenship.  Union Pacific should attempt to resolve the jurisdiction issue early because this suit may not have interrupted prescription if the complaint was not filed in a court of competent jurisdiction.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 21st day of April, 2020.

Mark L. Hornsby
U.S. Magistrate Judge